ROBERT F. CHAPMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 364.   Promulgated May 3, 1944.

*David P. Brown, Jr., Esq.*, for the petitioner.
*Paul E. Waring, Esq.*, for the respondent.

[black region]

OPINION.

TURNER, *Judge*: The petitioner and the trust acquiesced in the respondent's determination that the capital gain realized on the Pennsylvania Indemnity Co. stock in 1939 was taxable to the trust, and the correctness of that determination is not an issue in this proceeding. However, the gain arising from the stock during the period January 1 to March 6, 1940, was determined by the respondent to be taxable to the petitioner, and it is the correctness of that determination that is the subject of the controversy here.

The position of the petitioner is that from the death of Francis Chapman on May 2, 1939, until the adjudication of the Orphans' Court on March 6, 1940, the income arising from the corpus of the

trust was accumulated in trust for "unascertained persons" and therefore was taxable to the trust, under the provisions of section 161 of the Internal Revenue Code. The respondent contends that the petitioner took the entire corpus of the trust under the will of his father, and was in fact the owner of the entire corpus from and after May 2, 1939, and, being the owner thereof, the entire income therefrom was his income and taxable to him as such.

The term "unascertained persons," as used in section 161, means those whose identification depends on future contingencies rather than on a correct understanding of the application of the law to the existing facts. *De Brabant* v. *Commissioner*, 90 Fed. (2d) 433. The adjudication of the Orphans' Court did not effect the identification of any person; it merely established that under a correct application of the law the petitioner took the entire corpus of the trust under the will of his father, instead of taking part of it as a legatee under the will of his mother. There was never any question but that the petitioner took the entire corpus. The question was whether he took part of it as a legatee under his mother's will. The Orphans' Court merely decided that petitioner was and had been the owner of corpus and income, and entitled to distribution thereof from and after May 2, 1939. Cf. *McCaughn* v. *Girard Trust Co.*, 19 Fed. (2d) 218, and *Freuler* v. *Helvering*, 291 U. S. 35. Such cases as *Commissioner* v. *Owens*, 78 Fed. (2d) 768; *Hart* v. *Commissioner*, 54 Fed. (2d) 848; and *Ferguson* v. *Forstmann*, 25 Fed. (2d) 47, relied on by petitioner, involved special trusts set up by court orders providing for the collection and accumulation of income until the persons entitled to both income and principal were determined by litigation. No situation of that character is presented here, consequently the decisions in those cases are inapplicable.

In view of what has been said above, we sustain the determination of the respondent.

*Decision will be entered for the respondent.*